09-2361-ag
Carrera Veliz v. Holder

BIA
Romig, IJ
A070 775 595

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand ten.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
            *Circuit Judges*.

_____

ORLANDO CARRERA VELIZ,
        *Petitioner*,

        v.                                   09-2361-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Enrique Peña-Pérez, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Paul Fiorino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Orlando Carrera Veliz, a native and citizen of Guatemala, seeks review of a May 11, 2009, order of the BIA, affirming the August 3, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Orlando Carrera Veliz*, No. A070 775 595 (B.I.A. May 11, 2009), *aff'g* No. A070 775 595 (Immig. Ct. N.Y. City Aug. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). We review legal issues de novo, *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008), and "the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary,'" *Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 105 (2d Cir. 2006), quoting 8 U.S.C. § 1252(b)(4)(B).

**I.        Due Process**

Carrera Veliz asserts that his due process rights were violated because his removal proceeding was conducted via video conference.  As this Court has explained, "an IJ has statutory authority to conduct entire proceedings via video conference," as long as the proceedings "still accord with the constitutional requirements for due process under [the Supreme Court's decision in] *Mathews v. Eldridge*."  *Aslam*, 537 F.3d at 114 (explaining that under *Mathews* due process requires that, at a minimum, petitioners are accorded an opportunity to be heard at a meaningful time and in a meaningful manner), citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also* 8 U.S.C. § 1229a(b)(2)(A)(iii) (stating that removal proceedings may take place through video conference).  In *Aslam*, while noting the risks posed by videoconference hearings, we rejected a petitioner's claim that he was denied due process when a witness's testimony was taken by video.  *Aslam*, 537 F.3d at 115.

Carrera Veliz did not object to the video conference at

the time of the proceedings. Indeed, like the petitioner in *Aslam*, 537 F.3d at 115, Carrera Veliz rejected the IJ's proposal of a change of venue to permit an in person hearing. Nevertheless, he asserts that he was not accorded a full and fair hearing because the IJ was unable to assess his demeanor in person. However, the IJ did not deny Carrera Veliz's applications for relief based on his demeanor. Similarly, although Carrera Veliz asserts that the video conference rendered the IJ unable to consider his level of education, he fails to explain how an in-person hearing would have either allowed the IJ to better understand his education level or otherwise remedied any alleged deficiency in the proceeding.

Because Carrera Veliz fails to demonstrate that he was not afforded the opportunity to be heard in a meaningful manner, his arguments challenging the constitutionality of his video conference proceedings are meritless. *See id*. 114-15.

**II.      Asylum, Withholding of Removal, and CAT Relief**

In making his adverse credibility determination, the IJ reasonably relied on Carrera Veliz's inconsistent testimony regarding how long he stayed in Guatemala following his

4

alleged period of detention – Carrera Veliz testified that he stayed for a year or two, but his asylum application materials suggested he had only stayed for a month or two. *See Liang Chen*, 454 F.3d at 106-07 (2d Cir. 2006). The IJ reasonably found that the discrepancy was significant, and that the attempted explanation that Carrera Veliz was actually referring to time spent in Mexico was unpersuasive, as Carrera Veliz's Form I-589 stated that he was only "in transit" in Mexico before arriving in the United States, not for one or two years as his testimony suggested. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Additionally, the IJ found that Carrera Veliz's "willingness to return to Guatemala in September 1993, albeit to visit his father due to an illness, suggest[ed] that his claimed fear of return to that country was not subjectively genuine." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 n.2 (2d Cir. 2007).

Ultimately, the IJ's adverse credibility determination was supported by substantial evidence. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). The agency's denial of Carrera Veliz's applications for asylum, withholding of removal, and CAT relief was therefore reasonable, because all three claims rested on the same

factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

**III.     Cancellation of Removal**

8 U.S.C. § 1252(a)(2)(B)(i) provides that this Court does not have jurisdiction to review an agency's denial of an application for cancellation of removal.  However, this court may invoke its jurisdiction to consider a constitutional claim or a question of law.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006); 8 U.S.C. § 1252(a)(2)(D).

Here, Carrera Veliz presents a question of law by arguing that his due process rights were violated because the IJ excluded evidence that he sought to admit during his removal proceeding.  *See Xiao Ji Chen*, 471 F.3d at 329-30. However, as the IJ explained during the hearing, Carrera Veliz was afforded the opportunity to submit evidence until 10 days in advance of the hearing, and because he failed to submit the evidence 10 days in advance of the hearing, the IJ reasonably declined to admit it.  *See* 8 C.F.R. § 1003.31(c).  Thus, the IJ did not err in declining to admit Carrera Veliz's untimely evidence.  In

6

any event, as the BIA explained, Carrera Veliz was not prejudiced by the IJ's refusal to admit updated additional evidence regarding his son's learning disability into the record, because the IJ specifically considered his son's disability as an aspect of hardship in his case.

Finally, while Carrera Veliz asserts in his brief that the agency erred in characterizing him as an "arrival [*sic*] alien," this argument is meritless. The agency properly determined that Carrera Veliz is an "arriving alien" because his parole status has been terminated. *See* 8 C.F.R. § 212.5(e).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk